IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED IN OPEN COURT
DATE: 2-25-2025
TIME: 10:44 a.m.
INITIALS: [signature]

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Cr. No. 24-20145-JTF |
| LISA JEANINE FINDLEY, | ) |
| a/k/a LISA HOLDEN, | ) |
| a/k/a LISA HOWELL, | ) |
| a/k/a GREGORY NAUSSANY, | ) |
| a/k/a KURT NAUSSANY, | ) |
| a/k/a LISA JEANINE SULLINS, | ) |
| a/k/a CAROLYN WILLIAMS, | ) |
| Defendant. | ) |

## PLEA AGREEMENT

The parties herein, the defendant, Lisa Jeanine Findley, (Ms. Findley) being represented by First Assistant Federal Public Defender Tyrone J. Paylor, and the United States of America, being represented by the United States Department of Justice, Criminal Division, Fraud Section and the United States Attorney's Office for the Western District of Tennessee (together, the "United States"), enter into the following Plea Agreement.

1. Ms. Findley agrees:

    (a) to waive her right to trial by jury and all rights attached thereto;

    (b) to plead guilty to Count 1 of the Indictment in this case, which charges her with Mail Fraud in violation of Title 18, United States Code, Section 1341.

    (c) to waive her right to appeal any aspect of her sentence if any term of imprisonment imposed is within or below the applicable United States Sentencing Guideline ("U.S.S.G.") sentencing range as determined by the Court after resolution of any disputed sentencing factors;

    (d) to waive any objections, based on Federal Rule of Evidence 410 or Federal Rule of Criminal Procedure 11(f), to the use of any statements made by her in the course of plea discussions or plea proceedings, including facts alleged in the Indictment, which she has stipulated, agreed, and admitted in paragraph (3) of this Plea Agreement are true and accurate, in the event that she withdraws her guilty plea or fails to enter her plea after signing this Plea Agreement;

1

(e)  to waive, except with respect to claims of ineffective assistance of counsel or prosecutorial misconduct, her right to challenge the voluntariness of her guilty plea either on direct appeal or in any collateral attack including, but not limited to, a motion brought pursuant to Title 28, United States Code, Section 2255;

(f)  to pay the $100 mandatory assessment to be imposed pursuant to Title 18, United States Code, Section 3013, to the United States District Court Clerk following entry of her guilty plea, and to provide counsel for the United States with evidence of payment prior to sentencing;

(g)  not to engage in any criminal conduct following entry of her guilty plea; and,

(h)  that she is pleading guilty freely and voluntarily, after having consulted with counsel, because she is guilty.

2. The United States agrees:

(a)  to dismiss Count 2 of the indictment provided that Ms. Findley pleads guilty to Count 1 and completely fulfills all of her obligations under this Plea Agreement, and once Ms. Findley has been sentenced for Count 1;

(b)  to recommend that Ms. Findley receive the maximum applicable U.S.S.G. reduction for acceptance of responsibility, provided that Findley complies with all of her obligations under the terms of this Plea Agreement; and,

(c)  to recommend the sentence imposed be the lesser of 57 months or the low end of the applicable sentencing guideline range as determined by the Court after resolution of any disputed sentencing issues; and,

(d) not to pursue prosecution of any additional charges against Ms. Findley arising from the underlying conduct described in the Indictment – provided that: (1) Findley pleads guilty and completely fulfills all of her obligations under this Plea Agreement; and, (2) nothing in this Plea Agreement precludes the United States from timely prosecuting any charges arising from any future conduct by Findley or any conduct not already known or disclosed to the United States at the time of executing this Plea Agreement.

3. Ms. Findley stipulates, agrees, and admits that:

(a) had this case gone to trial, the government would have introduced evidence to establish Findley's guilt as to Count 1 beyond a reasonable doubt; and,

(b) the government's basis in fact, which she has reviewed with her attorney, is true and accurate.

4. Ms. Findley acknowledges and understands that:

(a) she has not been promised a specific sentence, and any estimate of the probable U.S.S.G. sentencing range she may have received from counsel, the United States, or any other person(s) is a prediction, not a promise, and is not binding on the Court, and if the Court imposes a sentence greater than she expects, she will not be afforded an opportunity to withdraw her plea;

(b) the maximum possible penalty the Court may impose as to Count 1 to which she is pleading guilty is a term of imprisonment of 20 years, a fine of $250,000, 3 years of supervised release, and a mandatory assessment of $100;

(c) any recommendations made by the United States under this agreement are not binding on the Court, and that if the Court rejects any such recommendations, she will not be allowed to withdraw her plea; and,

(d) the United States will be relieved of all obligations and restrictions imposed by the terms of this agreement, specifically, the United States will be free to use any statements made during the course of any proffer sessions against Ms. Findley for any purpose, and will be free to seek the maximum sentence provided by law if:

(1) her plea of guilty is accepted and she later attempts to withdraw her plea for any reason other than the Court's rejection of the Plea Agreement;

or

(2) she engages in any new criminal conduct following entry of her guilty plea.

5. This Plea Agreement constitutes the entire agreement between the parties and may not be modified after execution unless any modification is agreed to in writing and signed by the parties.

**For the United States:**

GLENN S. LEON
Chief
United States Department of Justice
Criminal Division, Fraud Section

By: *[signature]*
Aaron Henricks
Trial Attorney

Date: 02/25/2025

REAGAN TAYLOR FONDREN
Acting United States Attorney
United States Attorney's Office
Western District of Tennessee

By: *[signature]*
Carroll L. André III
Assistant United States Attorney

Date: 02/25/2025

3

**For the Defendant:**

By: _____   Date: 2-25-25
Lisa Jeanine Findley
Defendant

_____   Date: 2-25-25
Tyrone J. Paylor
First Assistant Federal Public Defender
Attorney for Defendant